UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PATRICIA C. GALANIS,

    Plaintiff,

v.                                          Case No. 06-C-1132

N.C. CARO, M.D., S.C. DEFINED BENEFIT
PLAN and NICHOLAS C. CARO,
its Administrator,

    Defendants.

## ORDER ON MOTION TO AMEND COMPLAINT

### I. PROCEDURAL BACKGROUND

The plaintiff, Patricia C. Galanis ("Galanis"), commenced this action on October 31, 2006, by filing this complaint naming N.C. Caro, M.D, S.C. Defined Benefit Plan (the "Plan"), and Nicholas C. Caro ("Caro") as defendants. The complaint seeks information and benefits allegedly owed by the defendants to the plaintiff.

On May 25, 2007, Galanis filed a Rule 7.4 Expedited Non-Dispositive Motion seeking leave to file an amended complaint which seeks to add a claim of fiduciary breach in the management of fund assets. Galanis seeks to amend the complaint based on information she received during discovery proceedings in February and March 2007, as well as discovery responses received on May 8, 2007. Along with the motion, Galanis filed a copy of the amended complaint which she seeks to file. This motion is fully briefed and ready for resolution. For the reasons which follow, Galanis' motion to amend the complaint will be granted.

## II. DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that where, as here, an answer to the complaint has already been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." F.R.Civ.P. 15(a). The decision whether to grant or deny a motion to file an amended pleading is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "[i]n the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'" *Id.*; *Bethany Pharmacal, Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001).

Galanis seeks to amend the complaint based on her receipt of the May 8, 2007 discovery responses which indicated that $80,000 was withdrawn from the Plan in January and February 2007, including $25,000 in other expenses. Galanis had earlier learned during discovery proceedings in February and March 2007 that the Plan had only $241,300 in assets to fund accrued liabilities of $416,680. Galanis calculates that the $80,000 disbursal reduced plan assets by one-third and reduced the ratio of accrued benefit liabilities to assets to less than 3 to 1. As a result, according to Galanis, the $80,000 disbursal will inevitably have a direct deleterious impact on any remedy that may be awarded to her. (Pl.'s Motion at 2.)

The defendants argue that Galanis' motion to amend should be denied because it is untimely. In addition, the defendants contend that the motion should be denied on substantive grounds.

2

Specifically, the defendants argue that Galanis was not injured by the breach of fiduciary duty alleged in the amended complaint.

To begin with, mere untimeliness, in the absence of improper motive or prejudice to the defendants, is not a sufficient ground on which to deny a motion to file an amended pleading. Here, there is no indication that the untimeliness is the result of bad faith or dilatory motive, or that the untimeliness would cause undue delay. Moreover, there is no indication that the defendants would be unduly prejudiced by allowing the amendment.

The defendants seem to suggest that Galanis knew of the basis for the new allegations in March 2007, so that she had sufficient time to file an amended complaint by the March 12, 2007 amendment cutoff date. However, Galanis' motion states that the financial circumstances of the defendant plan were not fully apparent until her receipt of the May 8, 2007 discovery responses. The amended complaint is largely based on the information obtained on May 8, 2007. Given that this motion was filed on May 25, 2007, there is no evidence of willful delay by Galanis.

The defendants also argue that Galanis' proposed amendment to her complaint is futile. "An amendment is futile if the added claim would not survive a motion for summary judgment." *Bethany Pharmacal*, 241 F.3d at 861.

The defendants do not contend that Galanis is unable to prove that there was a breach of fiduciary duty by Dr. Caro, the Plan's administrator (although they deny that there was a breach). Rather, the defendants argue that, even if Galanis could establish that there was a fiduciary breach, she is unable to show that she incurred a loss due to this alleged breach. The defendants contend that the Plan has sufficient assets to pay Galanis, upon the favorable action of the IRS. Thus, according

3

to the defendants, Galanis does not need to advance a new claim in order to recover the benefits she seeks from this suit.

Although there is a possibility that the Plan would have sufficient assets to pay Galanis' full benefits, I am not persuaded that Galanis' proposed amendment to her complaint would necessarily be futile. This is because Galanis has presented sufficient evidence to show that she may be adversely affected by the withdrawal of assets from the Plan's funds. Specifically, Galanis has presented deposition testimony from the Plan's actuary that Caro may terminate the fund and impose pro rata reductions on the benefits of all the plan participants.[1] As such, a decrease in the assets in the Plan's funds would reduce the dispersal of benefits to each of the participants when the Plan is terminated. Without reimbursement of the Plan by Caro, Galanis may not receive full benefits under the Plan.

The defendants also argue that Galanis is merely seeking to obtain under ERISA "extracontractual damages caused by improper or untimely processing of benefit claims," for which "Congress did not provide, and did not intend the judiciary to imply, a cause of action." *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985). However, Galanis is not seeking damages separate from her claim for full benefits. Rather, Galanis is seeking to ensure that her vested benefits are not reduced by a pro rata factor due to underfunding of the Plan. Galanis, in her amended complaint, is alleging that the underfunding is due to a breach of fiduciary duty by the administrator's

---

[1] The defendants argue, in a letter in response to Galanis' reply brief, that the actuary testified that there were three possible methods of benefit payments upon termination of the Plan, including pro rata allocation. However, according to the defendants, the allocation method has not yet been chosen. Although this may indicate that a pro rata allocation is not guaranteed, it still remains a possibility which cannot be discounted in determining the potential harm to Galanis from the alleged breach of fiduciary duty.

4

withdrawal of the Plan's funds, and seeks to have the administrator reimburse the Plan so that the participants can receive full benefits.

Moreover, Congress did specifically provide for a cause of action for a fiduciary's breach of duty under ERISA. Under ERISA, "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary." 29 U.S.C. § 1109(a); *see also* 29 U.S.C. § 1132(a)(2) ("a civil action may be brought . . . by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 409 [29 USCS § 1109]").

In sum, and to reiterate, I am not persuaded that Galanis' proposed amendment to her complaint would necessarily be futile. Furthermore, this action is at a sufficiently early stage that granting Galanis' motion for leave to file an amended complaint would not cause undue prejudice or delay. Consequently, and for all of the foregoing reasons, Galanis' motion for leave to file an amended complaint will be granted.

**NOW THEREFORE IT IS HEREBY ORDERED** that the plaintiff's Rule 7.4 Expedited Non-Dispositive Motion for Leave to File an Amended Complaint be and hereby is **GRANTED**.

**SO ORDERED** this <u>6th</u> day of August 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

6